UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN JON WILCOX,

        Plaintiff,        Case No. 1:14-cv-535

v.        Honorable Robert Holmes Bell

AMANDA MARIE TERPENING et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE**
**TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

        Plaintiff Steven Jon Wilcox, a prisoner incarcerated at Carson City Correctional Facility, filed a complaint, ostensibly under this Court's diversity jurisdiction alleging claims for breach of contract, seeking to set aside fraudulent transfers and to determine interest in land. Plaintiff sued Amanda and Michael Terpening,[1] James and Susan Frook, "unknown transferees" and "unknown claimants" for claims arising from a commercial transaction allegedly entered into on December 2, 2013, which Plaintiff alleges is valued in excess of $300,000. Specifically, Plaintiff alleges that he loaned the Terpenings $250,000 which they agreed to repay at a rate of $2,458.30 per month, beginning on April 1, 2014. Plaintiff alleges that as security, the Terpenings granted him a purchase-money security interest in all of their assets, including real and personal property. Plaintiff filed what he purports to be an unsigned copy of the note and security agreement. *See* docket #6,

---

[1] Mr. Wilcox presently is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility where he is serving sentences imposed on December 13, 2012 for second and third degree criminal sexual conduct and a sentence imposed on March 5, 2014, for first degree criminal sexual conduct. During his extensive incarceration, Plaintiff has also been housed at the Earnest C. Brooks Correctional Facility.

Page ID##30-32.[2] Initially, Plaintiff sought and received leave to proceed *in forma pauperis* (docket## 2, 4). The Court subsequently discovered that Plaintiff had numerous and substantial assets the existence of which he had not disclosed in his *in forma pauperis* application. Accordingly, on July 3, 2014, the Court revoked Plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(e)(2)(A) concluding that Plaintiff "has been manifestly untruthful in seeking to proceed in this case as an indigent." (docket #14, Page ID# 54.) On July 14, 2014, Plaintiff filed a motion for reconsideration (docket #15) of the Court's order revoking his *in forma pauperis* status. In his motion, Plaintiff acknowledged that he had not disclosed numerous assets in his *in forma pauperis* affidavit, but attempted to explain why such disclosures were not required. Unpersuaded by Plaintiff's rationalizations, on July 22, 2014, the Court denied Plaintiff's motion for reconsideration (docket #17). On August 1, 2014, Plaintiff filed a notice of interlocutory appeal (docket #18).

---

[2] It is worth noting that Mr. Wilcox was involved in another questionable financial transaction with a fellow inmate prior to his involvement with Mr. Terpening. Plaintiff was named as a defendant in the matter of *Comella v. Pruco Securities, LLC*, Case No. 1:11-cv-541. Plaintiff Agostino Comella was an inmate incarcerated at the Oaks Correctional Facility, at the same time Wilcox was incarcerated there. Looking strikingly like a complaint filed by Wilcox, Comella filed a complaint in this court in which he claimed that his two daughters and Steven Wilcox all claimed a right to a $100,000 Prudential life insurance policy. The Complaint sought an order of the court requiring that the daughters and Wilcox "settle between themselves their rights to ownership of the policy." *Id.* at docket #1, Page ID#2. The *Comella* complaint alleges that Wilcox claimed a right to the insurance policy "by reason of an assignment to him of all [Comella's] ownership, right, title and interest." *Id*. Comella's daughters, represented by counsel, filed a motion for summary judgment in which they explained that, Wilcox had apparently attempted to collect the proceeds of Comella's life insurance policy by signing a wage garnishment and submitting it to Prudential. *See id.* at docket #12-2, Page ID#87-89. After one of the daughters learned of the attempted garnishment, a lawyer she was working with obtained a restraining order in the Kent County Circuit Court, preventing disbursement of any funds. *Id.* This same lawyer later ascertained that the wage garnishment Wilcox submitted to Prudential appeared to be a doctored version of a document Wilcox obtained in the *Wilcox v. Speikerman* case. *Id.* Ultimately, a permanent injunction was issued on July 29, 2011 in the Kent County Circuit Court finding that "Steven J. Wilcox, having participated in and/or attempted to perpetrate a fraud in this Court is also specifically and permanently enjoined, restrained and prohibited from interfering with or claiming ownership of any assets" of Comella. *Id.* at docket #12-1, Page ID#84. The *Comella* action was dismissed and judgment entered in this court when Comella failed to comply with a court order to provide a sufficient number of copies to serve the complaint. *See id.* at docket ##19-20.

Presently before the Court is Plaintiff's application to proceed *in forma pauperis* on appeal. For the reasons set forth below, Plaintiff's application will be denied.

In his application to proceed *in forma pauperis* Plaintiff discloses for the first time that which has become obvious; he holds a judgment against Charles H. Spiekerman in the amount of $154,299.00, which he is currently seeking to enforce, and he holds a promissory note for $250,000 plus 10% interest per annum.[3] As previously noted, Plaintiff never disclosed these assets to this Court in his original *in forma pauperis*. Indeed, although Plaintiff has been an active litigant in this Court, having filed over seven cases in this District and a number of additional cases in the Eastern District, Plaintiff has a history of withholding information about his assets. In the *in forma pauperis* applications readily reviewable by this Court,[4] Plaintiff has not once declared a single substantial asset. This is so despite having received at least two substantial money judgments in *Wilcox v. Collard*, Case No. 1:97-cv-994,[5] and *Wilcox v. Spiekerman*, Case No. 04-061272,[6] and despite having had at least $250,000 to loan to the Terpenings in 2013.

---

[3] Plaintiff does not disclose, nor has he ever disclosed, where he maintains funds that would allow him to loan $250,000 to the Terpenings in December, 2013.

[4] *See e.g. Wilcox v. Sherry*, Case No. 2:05-cv-197, docket #1-2; *Wilcox v. County of Oakland*, Case No. 1:06-cv-15488, docket #2; *Wilcox v. Spiekerman*, Case No. 2:14-cv-11317, docket #2.

[5] In his motion for reconsideration, Plaintiff states, without explanation, that the $457,000 *Collard* judgment was satisfied on December 1, 2001, by a payment in the amount of $7,500. *See* docket #15, Page ID#61. Assuming that Plaintiff's assertion is true, the Court must wonder where Plaintiff obtained $250,000 to loan to the Defendants in this action. And, importantly, if he had such sums available to him, why he has never disclosed this information to the Court in any of his previous *in forma pauperis* applications.

[6] In his motion for reconsideration, Plaintiff states that he has "expended well over $1,000 in associated fees and costs since 2005 in attempts to collect" on the *Spiekerman* judgment. Again, the Court must wonder where Plaintiff obtained these funds, and why such funds have never been used to pay this Court's filing fees.

Plaintiff's history of untruthfulness in disclosing his assets and his obvious ability to obtain substantial assets to offer on loan, warrant denial of his application to proceed *in forma pauperis* on appeal.

Plaintiff has thirty (30) days from the date of entry of this order to pay the entire appellate filing fee, which is $505.00.  Alternatively, Plaintiff may apply in the Sixth Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.  See FED. R. APP. P. 24(a)(5).  If Plaintiff fails to pay the filing fee within the 30-day period or to obtain *in forma pauperis* status from the Sixth Circuit Court of Appeals, his appeal may be dismissed without prejudice, but he will continue to be responsible for payment of the $505.00 filing fee.

Dated: August 20, 2014 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**